United States Courts
Southern District of Texas
F I L E D

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

SEP 2 0 2023

Nathan Ochsner, Clerk of Court

| | |
|---|---|
| JOHNATHAN JONES<br>        Plaintiff, | ) JURY TRIAL DEMANDED<br>)<br>) |
| v. | ) Case No.<br>) |
| I.Q. DATA INTERNATIONAL, INC.,<br>        Defendant. | )<br>)<br>)<br>)<br>) |

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

---

### I.    INTRODUCTION

1.    This is an action for actual and statutory damages brought by Plaintiff Johnathan Jones an individual consumer, against Defendant, I.Q. DATA INTERNATIONAL, INC., ("IQ DATA") for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.    JURISDICTION AND VENUE

2.    Jurisdiction of this court arises under 15 U.S.C § 1692k(d) 28 U.S.C 1331. Venue in this District is proper in that the Defendants transact

1

business in Houston, Harris County, Texas, and the conduct complained of occurred in Houston, Harris County, Texas.

## III.   PARTIES

3.   Plaintiff Johnathan Jones (hereinafter "Mr. Jones") is a natural person residing in Houston, Harris County, Texas. Mr. Jones is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3).

4.   Upon information and belief, Defendant I.Q. DATA INTERNATIONAL, INC., is a Washington corporation with its principal place of business located at 21222 30TH DR SE STE 120, BOTHELL, WA 98021-7019

5.   Defendant I.Q. DATA INTERNATIONAL, INC., is engaged in the collection of debt from consumers using the mail and telephone. Defendant regularly attempts to collect consumers' debts alleged to be due to another.

## IV.   FACTS OF THE COMPLAINT

6.   Defendant I.Q. DATA INTERNATIONAL, INC., (hereinafter referred to as "Debt Collector") is a "debt collector" as defined by the FDCPA, 15 U.S.C 1692a(6).

7.   On or about July 30th, 2023, Mr. Jones reviewed his credit report on "AnnualCreditReport.com."

8.   On the report, the Mr. Jones observed a trade line from Debt Collector.

9.  Debt Collector furnished a trade line of $6,834, allegedly owed to SYNC SIENNA PLANTATION.

10. Also on August 8th, 2023, Plaintiff disputed the completeness and accuracy of the information with Transunion(Certified Mail No. 70220410000207495559), Equifax(Certified Mail No. 70223330000044666392) and Experian(Certified Mail No. 70223330000044666378) requesting to remove the dispute notations from the trade line.

11. On or about August 8th, 2023, Plaintiff also disputed the completeness and accuracy with I.Q. DATA INTERNATIONAL, INC. (Certified Mail No. 70223330000044666385).

12. On or about August 15th, 2023 Plaintiff received re-investigation results from "TransUnion, Equifax and Experian" and I.Q. DATA INTERNATIONAL, INC. which failed to remove the dispute notation from the trade line as requested by Plaintiff.

13. Debt Collector's publishing of such inaccurate and incomplete information has severely damaged the personal and credit reputation of Mr. Jones and caused severe humiliation, emotional distress, mental anguish and demand to the FICO scores.

## V.   FIRST CLAIM FOR RELIEF
### (Defendant I.Q. DATA INTERNATIONAL, INC.,)

## 15 U.S.C. §1692e(8)

14. Mr. Jones re-alleges and reincorporates all previous paragraphs as if fully set out herein.

15. The Debt Collector violated the FDCPA.

16. The Debt Collector's violations include but, are not limited to the following:

    The Debt Collector violated 15 U.S.C § 1692e(8) by reporting credit information which is known to be false, including failure to communicate that the debt is not disputed by failing to remove the inaccurate dispute comment from the trade line after being asked to do so by Plaintiff.

## V.     SECOND CLAIM FOR RELIEF
### (Defendant I.Q. DATA INTERNATIONAL, INC.,)
### 15 U.S.C. §1692e(2)(A)

17. Mr. Jones re-alleges and reincorporates all previous paragraphs as if fully set out herein.

18. The Debt Collector violated the FDCPA.

19. The Debt Collector's violations include, but are not limited to, the following:

    The Debt Collector violated 15 U.S.C § 1692e(2)(A) by falsely representing the character, amount, or legal status of any debt by

4

continuing to report the collection item with a dispute comment after informed of the inaccuracy.

20.   As a result of the above violations of the FDCPA, the Defendants are liable to the Mr. Jones actual damages, statutory damages and cost.

## VI.   JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mr. Jones respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Debt Collector for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S.C 1692k(1)(2);

C. Statutory damages pursuant to 15 U.S.C 1692k(2);

D. Cost and reasonable attorney's fees pursuant to 15 U.S.C 1692k(3);

E. For such other and further relief as the Court may deem just and proper.

Respectfully submitted by:

Johnathan Jones
3410 Zephyr Glen Way
Houston, TX 77084
979.922.4202 (telephone)
Finessements10473@gmail.com
09/20/2023
Pro Se

5